# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

```
DEDTRIC JACKSON,

    Plaintiff,

    v.                                    CV 5:22-063

CITY OF WILLACOOCHEE; COLONEL
WAYNE FLANDERS, in his
individual capacity; and
WILLIAM GILLARD, supervisor, in
his individual capacity,

    Defendants.
```

### ORDER

Before the Court is a motion to dismiss filed by Defendants City of Willacoochee, Wayne Flanders and William Gillard. Dkt. No. 8. Plaintiff Dedtric Jackson has filed no response, and the time for doing so has passed. The motion is now ripe for review.

### BACKGROUND

Plaintiff filed this civil rights action on October 27, 2022 based on events surrounding his arrest at a Dollar General store on February 7, 2019. Dkt. No. 1 at 8-10. Plaintiff alleges Officer Flanders provoked him for no reason and then arrested him. Id. at 9. Plaintiff further alleges that while being transported to Atkinson County jail, Plaintiff learned that Officer Flanders had falsely stated in the arrest warrant that Plaintiff had been disorderly and that Plaintiff had assaulted and threatened Officer

Flanders.  Id.  Plaintiff states the charges against him of disorderly conduct, simple assault, and terroristic threats and acts were dismissed on May 7, 2021.  Id. at 10.

Plaintiff sets forth claims, via 42 U.S.C. § 1983, for unreasonable seizure in violation of his Fourth Amendment rights (Count 1); failure to train or supervise in violation of his Fourth Amendment rights (Count 2); unlawful detention and invasion of privacy in violation of his Fourth Amendment rights (Count 3); and malicious prosecution in violation of his Fourth Amendment rights (Count 4).  Id. at 7.  Plaintiff also alleges state-law claims of false imprisonment (Count 5); malicious prosecution (Count 6); intentional and negligent infliction of emotional distress (Count 7); and negligent training and hiring (Count 8).  Id.  Defendant moves to dismiss Plaintiff's claims solely on the basis that they are all untimely.  Dkt. No. 8-1 at 4.

## LEGAL AUTHORITY

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well pleaded allegations of the complaint as true and views them in the light most favorable to the non-moving party. Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1356 (11th Cir. 1998).  "A complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (citing

Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002) ("If upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint.").

## DISCUSSION

Defendants move to dismiss the complaint for one reason: all of Plaintiff's claims are untimely. Because Plaintiff has filed no response, he has presented no argument for tolling the statute of limitations. See Patel v. Diplomat 1419VA Hotels, LLC, 605 F. App'x 965, 966 (11th Cir. 2015); Harrison v. McAfee, 788 S.E.2d 872, 874 (Ga. Ct. App. 2016) ("The plaintiff bears the burden of establishing that a statute of limitation has been tolled.").

### I. Plaintiff's § 1983 Claims

"'All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought.'" Crowe v. Donald, 528 F.3d 1290, 1292 (11th Cir. 2008) (quoting McNair v. Allen, 515 F.3d 1168, 1173 (11th Cir. 2008)). Plaintiff "brought his claim in Georgia, where the governing limitations period is two years." Id. (citing O.C.G.A. § 9-3-33; Porter v. Ray, 461 F.3d 1315, 1323 (11th Cir. 2006)).

"Federal law determines when the statute of limitations begins to run; generally, 'the statute of limitations does not

3

begin to run until the facts that would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" Porter v. Ray, 461 F.3d 1315, 1323 (11th Cir. 2006) (quoting Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003)).

### A. Unlawful Seizure

Plaintiff asserts a § 1983 unreasonable seizure claim against all Defendants.  Dkt. No. 1 at 7.  A claim of false arrest or imprisonment under the Fourth Amendment concerns seizures without legal process, such as warrantless arrests, Wallace v. Kato, 549 U.S. 384, 388–89 (2007), or arrests based on warrants containing falsified information, see Brown v. Gill, 792 F. App'x 716, 721 (11th Cir. 2019).  These claims accrue when either the seizure ends or the plaintiff is held pursuant to legal process. Id.

In his complaint, Plaintiff does not indicate whether he was booked at the jail, how long he stayed in jail, whether he appeared before a judge, or when he was released.  See Dkt. No. 1.  However, taking all inferences in favor of Plaintiff, the Court will assume that Plaintiff was indeed placed in jail and that, at some point afterward, he either appeared before a judge for a probable cause hearing or was released.  Therefore, Plaintiff's unlawful seizure claim would have accrued shortly after his arrest on February 7, 2019.  See Dkt. No. 1 at 8.  Because Plaintiff did not file this lawsuit until October 27, 2022, well after the two-year statute of

4

limitations would have run, his claim is untimely. Accordingly, Defendants' motion to dismiss is **GRANTED** as to Plaintiff's § 1983 unlawful seizure claim.

### B. Failure to Train/Supervise

Plaintiff asserts a § 1983 failure-to-train and supervise claim against Defendants Gillard (Officer Flanders's apparent supervisor) and the City of Willacoochie. Dkt. No. 1 at 7. Plaintiff alleges Gillard was negligent in his hiring and training of officers regarding the falsification of arrest warrant affidavits. Id. at 8.

Because Plaintiff's failure-to-train claim is based upon Officer Flanders's falsification of information upon which the arrest warrant was based, the claim accrued when Plaintiff learned of the falsification. See Porter, 461 F.3d at 1323. Per Plaintiff's complaint, he learned that his arrest warrant was based on false information while he was being transported to Atkinson County jail just after his arrest on February 7, 2019. See Dkt. No. 1 at 8. Because Plaintiff did not file this lawsuit until October 27, 2022, well after the two-year statute of limitations would have run, his claim is untimely. Accordingly, Defendants' motion to dismiss is **GRANTED** as to Plaintiff's § 1983 failure-to-train claim.

C. Invasion of Privacy

Plaintiff asserts a § 1983 invasion-of-privacy claim against all Defendants. Based on the facts alleged in the complaint, "the facts that would support a cause of action" for invasion of privacy should have been apparent to Plaintiff at the time he was unlawfully arrested on February 7, 2019. See Porter, 461 F.3d at 1323; see also Dkt. No. 1 at 8. Because Plaintiff did not file this lawsuit until October 27, 2022, well after the two-year statute of limitations would have run, his claim is untimely. Accordingly, Defendants' motion to dismiss is **GRANTED** as to Plaintiff's § 1983 invasion-of-privacy claim.

D. Malicious Prosecution

Plaintiff asserts a § 1983 malicious prosecution claim against all three Defendants. Plaintiff alleges Officer Flanders "secured an invalid arrest warrant, without probable cause, where he instituted a prosecution that was malicious," and Supervisor Gillard approved the warrant and failed "to prevent Plaintiff from being maliciously prosecuted." Dkt. No. 1 at 8.

When bringing a claim for malicious prosecution under § 1983, "the plaintiff may properly wait to sue until the prosecution terminates in his favor." Whiting v. Traylor, 85 F.3d 581, 586 (11th Cir. 1996). Per the complaint, the charges with which Plaintiff was charged—disorderly conduct, simple assault, and terroristic threats—were "ultimately dismiss[ed]" on May 7, 2021.

6

Dkt. No. 1 at 10. Because Plaintiff filed this lawsuit on October 27, 2022, his § 1983 malicious prosecution claim was timely filed within the two-year statute of limitations following the dismissal of the charges against him. As such, Defendants' motion to dismiss is **DENIED** as to Plaintiff's § 1983 malicious prosecution claim.

### II. Plaintiff's State-Law Claims

Like his § 1983 claims, most of Plaintiff's state-law claims are untimely. O.C.G.A. § 9-3-33 provides:

> Except as otherwise provided in this article, actions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year after the right of action accrues, and except for actions for injuries to the person involving loss of consortium, which shall be brought within four years after the right of action accrues.

This two-year statute of limitations is applicable to Plaintiff's state-law claims, i.e. false imprisonment, intentional and negligent infliction of emotional distress, negligent training and hiring, and malicious prosecution. See Reese v. City of Atlanta, 545 S.E.2d 96, 98 (Ga. Ct. App. 2001) (noting false arrest and false imprisonment claims must be filed within the statute of limitations for personal injuries, which is two years (citing § 9-3-33)); Fleming v. Lee Eng'g & Const. Co., 361 S.E.2d 258, 260 (Ga. Ct. App. 1987) (applying two-year statute of limitations to intentional infliction of emotional distress claim (citing § 9-3-33)); Doe v. Saint Joseph's Cath. Church, 870 S.E.2d 365, 369 (Ga. 2022) (applying two-year statute of limitations to negligent

7

training, hiring and retention claims (citing § 9-3-33)); Daniel v. Georgia R.R. Bank & Tr. Co., 334 S.E.2d 659, 661 (Ga. 1985) (applying two-year statute of limitations to malicious prosecution claim (citing § 9-3-33)).

Like Plaintiff's § 1983 claims for false arrest and failure-to-train, Plaintiff's state-law causes of action for false arrest and failure to train are time barred.  These claims accrued at the time of, or shortly after, Plaintiff's arrest on February 7, 2019.  See supra; § 9-3-33; Dkt. No. 1 at 8.  Additionally, because Plaintiff alleges no facts to support a negligent or intentional infliction of emotional distress claim *other than* those facts related to his arrest, this claim is time-barred as well.  § 9-3-33; Dkt. No. 1 at 8.  Therefore, Defendants' motion to dismiss is **GRANTED** as to Plaintiff's state-law claims of false arrest, failure to train, and intentional infliction of emotional distress.

Plaintiff's malicious prosecution claim, however, is not time-barred. "'The criminal prosecution forming the basis for an action for malicious prosecution must be ended before the right of action for malicious prosecution accrues.'" Valades v. Uslu, 689 S.E.2d 338, 342 (Ga. Ct. App. 2009) (quoting O.C.G.A. § 51-7-41 ("The criminal prosecution forming the basis for an action for malicious prosecution must be ended before the right of action for malicious prosecution accrues.")), overruled on other grounds by Harrison v. McAfee, 788 S.E.2d 872 (Ga. Ct. App. 2016).  "This

means that a malicious prosecution action 'must be brought within [two] years after the underlying criminal prosecution terminated in [the] plaintiff's favor.'" Id. (citation omitted). Thus, Plaintiff's malicious prosecution claim did not accrue until May 7, 2021, the date Plaintiff was acquitted of the charges underlying his arrest. See id.; Dkt. No. 1 at 10. As the complaint was filed on October 27, 2022, the malicious prosecution claim was timely. Therefore, Defendants' motion to dismiss is **DENIED** as to Plaintiff's state-law claim of malicious prosecution.

## CONCLUSION

Defendants' motion to dismiss, dkt. no. 8, is **GRANTED** as to Plaintiff's § 1983 claims for unreasonable seizure, failure-to-train, and invasion of privacy (Counts 1-3), as well as Plaintiff's state law claims of false imprisonment, intentional and negligent infliction of emotional distress, and negligent training and hiring (Counts 5, 7, 8). Defendants' motion is **DENIED** as to Plaintiff's § 1983 claim and state-law claim for malicious prosecution (Counts 4 and 6).

**SO ORDERED**, this 12th day of January, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

9