# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| DEDTRIC JACKSON,<br><br>  Plaintiff,<br><br>v.<br><br>CITY OF WILLACOOCHEE; COLONEL<br>WAYNE FLANDERS, in his<br>individual capacity; and<br>WILLIAM GILLARD, supervisor,<br>in his individual capacity,<br><br>  Defendants. | CV 522-063 |

## ORDER

Before the Court is Defendant Wayne Flanders's motion to dismiss. Dkt. No. 27. Therein, Flanders argues Plaintiff's claims against him should be dismissed because Plaintiff failed to timely served him under Federal Rule of Procedure 4(m).

Plaintiff initiated this action on October 27, 2022. Dkt. No. 1. On the same date, Plaintiff moved for leave to proceed *in forma pauperis*. Dkt. No. 3. The Court granted Plaintiff's motion and explained:

> Because the Court has granted Plaintiff leave to proceed in this case *in forma pauperis* under 28 U.S.C. § 1915, service must be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). A copy of Plaintiff's Complaint and a copy of this Order shall be served upon Defendants by the United States Marshal without prepayment of cost. In most cases, the marshal will first mail a copy of the complaint to a

> defendant by first-class mail and request the defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.5. A defendant has a duty to avoid unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver must bear the costs of personal service, unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d). Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

Dkt. No. 4 at 1-2.

Defendants William Gillard and City of Willacoochee were served by the U.S. Marshals Service on November 7, 2022. Dkt. Nos. 9, 10. Defendant Flanders's process was returned unexecuted, however, with the Marshals Service's indication that Flanders could not be located. Dkt. No. 6.

On December 9, 2022, all three Defendants collectively, by special appearance, filed an answer to the complaint. Dkt. No. 7. On the same day, Defendants collectively, through special appearance, moved to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 8. Notably, Defendant Flanders did not move to dismiss the complaint based on insufficient service. See id. The Court granted Defendants' motion to dismiss in part and denied it in part, dkt. no. 12, and a scheduling order was issued January 23, 2023, dkt. no. 14. After a discovery dispute, an amended scheduling order was issued August 14, 2023. Dkt. No. 25.

Now, nearly one year after Plaintiff filed his complaint, Defendant Flanders moves to dismiss the claims against him based upon insufficient service of process. Dkt. No. 27. Defendant's motion is **DENIED** at this time. The Court **DIRECTS** the U.S. Marshals Service to attempt service of Plaintiff's complaint and a copy of this Order upon Defendant Flanders via waiver directed to Flanders's counsel of record. Should Defendant Flanders fail to comply with the request for waiver, he must bear the costs of personal service, unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d).

**SO ORDERED**, this 16 day of October, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA