# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

DEDTRIC JACKSON,

    Plaintiff,

    v.

CITY OF WILLACOOCHEE,
COLONEL WAYNE FLANDERS, in
his individual capacity,
and WILLIAM GILLARD, in his
individual capacity,

    Defendants.

Case No. 5:22-cv-63

## ORDER

    This case arises out of Plaintiff Dedtric Jackson's arrest at a Dollar General Store in Willacoochee, Georgia. As a result of his arrest, Plaintiff brings malicious prosecution claims against Defendants City of Willacoochee (hereinafter "the City"), Colonel Wayne Flanders, and William Gillard. Presently before the Court is Defendants' motion for summary judgment on those claims. Dkt. No. 34. Plaintiff has filed no response to Defendants' motion, and the time for doing so has passed. So the motion is ripe for review. For the reasons expressed herein, Defendants' motion is **GRANTED.**

**BACKGROUND**

Before turning to the facts, the Court first addresses Plaintiff's failure to respond to Defendants' statement of material facts. Dkt. No. 34-4. Because Defendants are moving for summary judgment, they must include "a separate, short, and concise statement of the material facts as to which it is contended there exists no genuine dispute." S.D. Ga. L.R. 56.1. The facts set forth in that statement "will be deemed to be admitted unless controverted by a statement served by the opposing party." Id. Because Plaintiff has not responded to Defendants' statement of material facts, the Court deems those facts admitted.[1] See White, 2024 WL 200924, at *1 ("Put simply, if a plaintiff does not directly dispute the facts set forth in a defendant's statement of material facts, the Court deems those facts admitted."); Thomas v. Elixir Extrusion LLC, No. 5:18-cv-11, 2019 WL 2664987, at *1 (S.D. Ga. June 27, 2019) ("Because Plaintiff has not responded, pursuant to Local Rule 56.1, the facts as stated in Defendants' [statement of material facts] are deemed admitted for the purpose of

---

[1] That Plaintiff is proceeding *pro se* does not alter the Court's analysis. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (A pro se litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."); White v. Champion Home Builders, Inc., No. 5:22-cv-73, 2024 WL 200924, at *1 (S.D. Ga. Jan. 18, 2024) ("Plaintiff's status as a pro se litigant does not alleviate his burden to respond to Defendant's statement of material facts." (citations omitted)).

considering Defendants' [motion for summary judgment]." (citing S.D. Ga. L.R. 56.1)).

Even though Plaintiff has admitted Defendants' proffered facts, the Court has reviewed the record evidence and ensured each fact is supported. See Reese v. Herbert, 527 F.3d 1253, 1269 (11th Cir. 2008) ("[A]fter deeming the movant's statement of undisputed facts to be admitted pursuant to Local Rule 56.1, the district court must then review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." (quotations omitted)); United States v. 5800 SW 74th Ave., 363 F.3d 1099, 1101 (11th Cir. 2004) ("The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted[] but must ensure that the motion itself is supported by evidentiary materials." (citations omitted)).

## I.  Factual Background

On February 7, 2019, Plaintiff was waiting in line at the Dollar General in Willacoochee, Georgia, where he encountered Defendant Flanders, a police officer with the City of Willacoochee Police Department. Dkt. No. 34-2 ¶¶ 3, 5-6. Plaintiff asked Defendant Flanders his name, and after Defendant Flanders responded, Plaintiff refused to give his name but said, "Yeah, I remember you, you motherfucker." Id. ¶¶ 6-7. Defendant Flanders asked if Plaintiff was threatening him, but again, Plaintiff did not respond. Id. ¶ 8. Defendant Flanders began leaving the store,

and as he was leaving, Plaintiff swore at Flanders again and said, "Yeah, motherfucker, you better keep going. I've got something for you next time, you bitch." Id. ¶¶ 9–10.

About thirty minutes later, Defendant Flanders returned to the Dollar General "to obtain security footage and any statement from the clerk" regarding Plaintiff's conduct. Id. ¶ 12. When he left the store this time, Defendant Flanders found Plaintiff "swinging a bottle in the air" and cursing about Defendant Flanders. Id. ¶ 13. At this point, Plaintiff swung the bottle in Defendant Flanders's direction, and Flanders drew his weapon. Id. ¶ 14. Defendant Flanders then arrested Plaintiff and "informed him that he was being arrested for disorderly conduct." Id. ¶ 15. While being transported to the jail, Plaintiff "admitted that he swung the bottle towards" Defendant Flanders. Id. ¶ 16. Plaintiff was charged with disorderly conduct, simple assault, and terroristic threats. Dkt. No. 1 at 8–10. Those charges were ultimately dismissed. Id.

At all relevant times, Defendant Gillard was the Chief of Police for the City of Willacoochee Police Department. Dkt. No. 34-3 ¶ 3. Defendant Gillard was not present at the Dollar General when Defendant Flanders arrested Plaintiff, did not interact with Plaintiff at all on February 7, 2019, and did not assist in the prosecution of Plaintiff. Id. ¶¶ 5–7.

4

## II.  Procedural History

Plaintiff filed this suit on October 27, 2022. <u>See generally</u> Dkt. No. 1. Plaintiff initially asserted several federal and state law claims against Defendants. <u>Id.</u> Upon a motion to dismiss, however, the Court dismissed all of Plaintiff's claims besides his claims for malicious prosecution. Dkt. No. 12 at 9 (dismissing claims for untimeliness). Plaintiff's remaining claims include: a 42 U.S.C. § 1983 federal law malicious prosecution claim against Defendants Flanders and Gillard, in their individual and official capacities; a state law malicious prosecution claim against Defendants Flanders and Gillard, in their individual and official capacities; and federal and state law malicious prosecution claims against the City. <u>See</u> Dkt. No. 1; Dkt. No. 12. Defendants now seek summary judgment on the remaining claims. Dkt. No. 34.

### LEGAL STANDARD

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" where the evidence would allow "a reasonable jury to return a verdict for the nonmoving party." <u>FindWhat Inv. Grp. v. FindWhat.com</u>, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)). A fact is "material" only if it "might affect the outcome of the suit under the governing law." <u>Id.</u> (quoting <u>Anderson</u>, 477

U.S. at 248). The Court must view all facts in the light most favorable to the non-moving party and draw all inferences in its favor. Tolan v. Cotton, 572 U.S. 650, 657 (2014).

The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The movant must show the Court that there is an absence of evidence to support the nonmovant's case. Id. at 325. If the movant discharges this burden, the burden shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. Anderson, 477 U.S. at 257. The nonmovant may satisfy this burden in one of two ways. First, the nonmovant "may show that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion, which was 'overlooked or ignored' by the moving party, who has thus failed to meet the initial burden of showing an absence of evidence." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 (11th Cir. 1993) (quoting Celotex Corp., 477 U.S. at 332 (Brennan, J., dissenting)). Second, the nonmovant "may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." Id. at 1117.

### DISCUSSION[2]

The Court begins with Defendants' arguments for summary judgment on Plaintiff's § 1983 federal law claims against the City, Defendant Flanders, and Defendant Gillard.

## I.   Plaintiffs' federal law malicious prosecution claims fail as a matter of law.

Before discussing Plaintiff's federal law claims, the Court notes that Plaintiff's § 1983 claims against Defendants Flanders and Gillard, in their official capacity, "are in fact municipal liability claims against the City." Anderson v. City of Naples, 501 F. App'x 910, 914 n.4 (11th Cir. 2012) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–91 & n.55 (1978)). Therefore, the Court will address Plaintiff's official-capacity claims along with Plaintiff's claim against the City. See infra pp. 15–16. But before turning to those claims, the Court examines Plaintiff's

---

[2] As stated above, Plaintiff did not respond to Defendants' statement of material facts. In fact, Plaintiff did not submit *any* response to Defendants' motion for summary judgment. But there is no such thing as "default summary judgment." Even without a response from Plaintiff, the Court must consider the merits of Defendants' motion and determine whether summary judgment is appropriate. See, e.g., Ogwo v. Miami Dade Cnty. Sch. Bd., 702 F. App'x 809, 810 (11th Cir. 2017) ("The non-movant's failure to respond to a defendant's motion for summary judgment is not fatal; rather, the court must determine if the facts in the record illustrate that the movant is entitled to summary judgment." (citing Dixie Stevedores, Inc. v. Marinic Mar., Ltd., 778 F.2d 670, 673 (11th Cir. 1985))).

individual-capacity § 1983 malicious prosecution claims against Defendants Flanders and Gillard.

**A. Defendants Flanders and Gillard are entitled to qualified immunity.**

As to the individual-capacity claims, Plaintiff claims that Defendant Flanders's conduct in arresting Plaintiff without probable cause amounts to malicious prosecution in violation of his Fourth Amendment rights. Plaintiff claims Defendant Gillard, as Flanders's supervisor, is liable for the alleged constitutional violation. Defendants Flanders and Gillard argue they are protected by qualified immunity. To receive the benefit of qualified immunity, Flanders and Gillard must first prove they were "engaged in a 'discretionary function' when [they] performed the acts of which [P]laintiff complains." Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1263-64 (11th Cir. 2004) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Discretionary functions are those that fall "within the employee's job responsibilities," and a government employee engages in a discretionary function when he (1) performs "a legitimate job-related function" (2) in an authorized manner. Id. at 1265. Arresting Plaintiff is a legitimate, authorized function of Defendants' job responsibilities. See Valentine v. Robinson, 601 F. App'x 778, 781 (11th Cir. 2015) ("[T]he general act of arresting a suspect is clearly part of Defendants' job-related powers and

responsibilities."). Thus, Flanders and Gillard have established they were engaged in a discretionary function when Plaintiff was arrested.

Because Flanders and Gillard have shown they were acting under their discretionary authority, it is up to Plaintiff to present evidence overcoming qualified immunity. Alcocer v. Mills, 906 F.3d 944, 951 (11th Cir. 2018) (citations omitted). To do so, Plaintiff must demonstrate (1) that Flanders and Gillard "violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." Mikko v. City of Atlanta, 857 F.3d 1136, 1144 (11th Cir. 2017) (quoting Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011)). Defendants are entitled to qualified immunity if Plaintiff fails to establish either prong. Piazza v. Jefferson Cnty., 923 F.3d 947, 951 (11th Cir. 2019). Flanders and Gillard are each entitled to their own qualified-immunity analysis, see Alcocer, 906 F.3d at 951 ("Each defendant is entitled to an independent qualified-immunity analysis as it relates to his or her actions and omissions."), and the Court begins with Defendant Flanders.

## 1. Plaintiff fails to prove Defendant Flanders violated a constitutional right.

Plaintiff asserts that Defendant Flanders did not have probable cause when he arrested Plaintiff and that conduct amounts to malicious prosecution in violation of Plaintiff's Fourth

Amendment rights. Dkt. No. 1. But the record evidence does not prove that Defendant Flanders arrested Plaintiff without probable cause. Therefore, Plaintiff cannot maintain a malicious prosecution claim under the Fourth Amendment, and he has not shown that Defendant Flanders violated his constitutional rights.

The Eleventh Circuit "has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." Wood v. Kesler, 323 F.3d 872, 881 (11th Cir. 2003) (citations omitted). "To establish a § 1983 malicious prosecution claim, the plaintiff must prove two things: (1) the elements of the common law tort of malicious prosecution; and (2) a violation of his Fourth Amendment right to be free from unreasonable seizures." Grider v. City of Auburn, 618 F.3d 1240, 1256 (11th Cir. 2010) (citations omitted). The elements of the common law tort of malicious prosecution include: "(1) a criminal prosecution instituted or continued by [Defendant Flanders]; (2) with malice and without probable cause; (3) that terminated in [Plaintiff's] favor; and (4) caused damage to [Plaintiff]." Wood, 323 F.3d at 882 (citing Uboh v. Reno, 141 F.3d 1000, 1004 (11th Cir. 1998)). Plaintiff has not proven either requirement of a federal malicious prosecution cause of action because he has not proven that Defendant Flanders lacked probable cause in arresting Plaintiff. See Grider, 618 F.3d at 1256 ("[T]he existence of

probable cause defeats a § 1983 malicious prosecution claim." (citations omitted)).

"Probable cause exists when 'the facts and circumstances within the officers' knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed . . . an offense.'" Miller v. Harget, 458 F.3d 1251, 1259 (11th Cir. 2006) (quoting Rankin v. Evans, 133 F.3d 1425, 1435 (11th Cir. 1998)). In the context of § 1983, qualified immunity is appropriate "even if there was no actual probable cause for an arrest, so long as there was *arguable* probable cause." Windham v. City of Fairhope, 597 F. App'x 1068, 1071 (11th Cir. 2015) (emphasis in original) (citing Durruthy v. Pastor, 351 F.3d 1080, 1089 (11th Cir. 2003)). "Arguable probable cause exists where reasonable officers in the same circumstances and possessing the same knowledge as the Defendant *could* have believed that probable cause existed to arrest." Rushing v. Parker, 599 F.3d 1263, 1266 (11th Cir. 2010) (emphasis added) (internal quotation marks omitted). Defendant Flanders presents evidence showing the existence of probable cause.

"Whether an officer possesses [] probable cause depends on the elements of the alleged crime and the operative fact pattern." Grider, 618 F.3d at 1257 (citations omitted). For purposes of qualified immunity, though, showing arguable probable cause "does

11

not require proving every element of the crime." Id. (citations omitted). Plaintiff was charged with simple assault, terroristic threats, and disorderly conduct. Dkt. No. 1 at 10. The Court finds there is evidence to support probable cause as to each crime, but qualified immunity applies if Flanders had arguable probable cause to arrest Plaintiff for any of the three offenses Plaintiff was charged with. See Grider, 618 F.3d at 1257 ("If the arresting officer had arguable probable cause to arrest for *any* offense, qualified immunity will apply." (emphasis added) (citations omitted)). Thus, the Court need not discuss how probable cause is present for each crime, and instead highlights how the evidence supports the elements of disorderly conduct.

In Georgia, "[a] person commits the offense of disorderly conduct when such person commits," *inter alia*, "[a]cts in a violent or tumultuous manner toward another person whereby such person is placed in reasonable fear of the safety of such person's life, limb, or health," or "[w]ithout provocation, uses to [] another person, opprobrious or abusive words which by their very utterance tend to incite to an immediate breach of the peace." O.C.G.A. § 16-11-39. The evidence before the Court shows that Plaintiff: used abusive words toward Defendant Flanders (*e.g.*, "Yeah, motherfucker, you better keep going. I've got something for you next time, you bitch."), dkt. no. 34-2 ¶¶ 7, 9–11, 13; threatened Defendant Flanders, id. ¶ 12; and swung a bottle at Defendant

Flanders, id. ¶¶ 13-14. This evidence is sufficient to show that
Defendant Flanders had probable cause to arrest Plaintiff for
disorderly conduct. See, e.g., United States v. Lyons, 403 F.3d
1248, 1254-55 (11th Cir. 2005) (finding probable cause under
Florida's similar disorderly conduct statute where an officer
witnessed an arrestee "yelling obscenities" and "engag[ing] in
non-verbal conduct" that the officer "perceived as aggressive"
(internal quotation marks omitted)). Too, Plaintiff has presented
no evidence that Defendant Flanders arrested Plaintiff without
probable cause. In fact, Defendant Flanders's affidavit provides
that "[w]hile escorting [Plaintiff] to the [jail], [Plaintiff]
admitted that he swung the bottle towards" Defendant Flanders.
Dkt. No. 34-2 ¶ 16.

At bottom, the Court finds there is evidence of probable cause
and no evidence to the contrary. There is no genuine issue of
material fact as to whether Defendant Flanders had probable cause
to arrest Plaintiff. Plaintiff cannot prove his malicious
prosecution claim in violation of the Fourth Amendment. See Grider,
618 F.3d at 1256 ("[T]he existence of probable cause defeats a §
1983 malicious prosecution claim." (citations omitted)). That
means Plaintiff has not proven a constitutional violation and has
failed to overcome qualified immunity. See Piazza, 923 F.3d at 951
(holding that a defendant is entitled to qualified immunity if
Plaintiff fails to establish either prong of the qualified immunity

13

analysis). Thus, qualified immunity bars Plaintiff's § 1983 malicious prosecution claim against Defendant Flanders in his individual capacity. Defendants' motion for summary judgment on that claim is **GRANTED**. Dkt. No. 34-1 at 4–8, 10–13.

## 2. Defendant Gillard is not liable under supervisory liability.

Plaintiff asserts a malicious prosecution claim against Defendant Gillard based on Gillard's "fail[ure] to supervise or train his officer[s]." Dkt. No. 1 at 8. In other words, Plaintiff sues Defendant Gillard based on supervisory liability. "But there can be no supervisory liability . . . if there was no underlying constitutional violation." Paez v. Mulvey, 915 F.3d 1276, 1291 (11th Cir. 2019) (internal quotations and citations omitted); see also Myers v. Bowman, 713 F.3d 1319, 1328 (11th Cir. 2013) ("[A] supervisor may not be held liable under § 1983 unless the supervised official committed an underlying violation of a constitutional right."). And there is no underlying constitutional violation because Plaintiff has not proven that Defendant Flanders violated his Fourth Amendment rights. Thus, Defendant Gillard cannot be liable under supervisory liability, and Plaintiff has not proven that Defendant Gillard committed a constitutional violation. Plaintiff fails to overcome qualified immunity as to Defendant Gillard, so qualified immunity bars Plaintiff's § 1983 malicious prosecution claim against Defendant Gillard in his

individual capacity. See Piazza, 923 F.3d at 951. Defendants'
motion for summary judgment as to that claim is **GRANTED**. Dkt. No.
34-1 at 4–8, 10–13.

### B. Plaintiff has not established a malicious prosecution claim against the City.

Because he has not established an underlying constitutional
violation by Defendant Flanders, Plaintiff's federal law malicious
prosecution claims against the City and Defendants Flanders and
Gillard, in their official capacity, must fail.[3] Plaintiff asserts
a malicious prosecution claim against the City based on its
"fail[ure] to supervise or trains [its] employees." Dkt. No. 1 at
8. Section 1983 affords plaintiffs an avenue to sue municipalities,
like the City, for violations of constitutional rights. See
generally Monell, 436 U.S. at 658. But "a municipality cannot be
held liable under § 1983 on a *respondeat superior* theory." Id. at
692. Instead, "a municipality may be held liable under § 1983 only
when the deprivation at issue was undertaken pursuant to city
'custom' or 'policy,' and not simply on the basis of *respondeat
superior*." Brown v. City of Fort Lauderdale, 923 F.3d 1474, 1479

---

[3] To reiterate, Plaintiff's § 1983 official-capacity claims against
Defendants Flanders and Gillard are essentially municipal
liability claims against the City. Anderson, 501 F. App'x at 914
n.4 (citing Monell, 436 U.S. at 690–91 & n.55). As such, the
Court's reasoning for granting summary judgment as to Plaintiff's
municipal liability claim against the City is coextensive with its
reasoning for granting summary judgment as to Plaintiff's
official-capacity claims against Flanders and Gillard.

(11th Cir. 1991) (citations omitted). But as with claims of supervisory liability, "[t]here can be no policy-based liability . . . when there is no underlying constitutional violation." <u>Knight v. Miami-Dade Cnty.</u>, 856 F.3d 795, 821 (11th Cir. 2017) (citations omitted); <u>see also</u> <u>City of Los Angeles v. Heller</u>, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point." (emphasis omitted)). Plaintiff has not established an underlying constitutional violation. Thus, there can be no policy-based liability for the City. Defendants' motion for summary judgment is **GRANTED** as to Plaintiff's § 1983 claim against the City and his § 1983 official-capacity claims against Defendant Flanders and Gillard. Dkt. No. 34-1 at 8-9, 14.

## II. Plaintiff's state law malicious prosecution claims fail as a matter of law.

Defendants also argue Plaintiff's state law malicious prosecution claims are subject to summary judgment. Dkt. No. 34-1 at 10, 13-14. The Court begins with Defendants' argument that Plaintiff's individual-capacity claims against Defendants Flanders and Gillard are barred by official immunity. <u>Id.</u> at 13-14.

16

**A. Defendants Flanders and Gillard are entitled to official immunity.**

In Georgia, "[t]he doctrine of official immunity offers public officers and employees limited protection from suit in their personal capacities." Schultz v. Lowe, 874 S.E.2d 842, 845 (Ga. Ct. App. 2022). Georgia officials may be sued only if they negligently performed, or negligently failed to perform, their "ministerial functions" or if they acted with "actual malice or with actual intent to cause injury in [] performance of their official functions." Ga. Const. art. I, § II, para. IX(d); see also Cameron v. Lang, 549 S.E.2d 341, 344 (Ga. 2001) ("[A] public officer or employee may be personally liable only for ministerial acts negligently performed or acts performed with malice or an intent to injure." (citations omitted)). The threshold question, then, is whether Plaintiff's arrest was a ministerial or discretionary action.

A discretionary act "calls for the exercise of personal deliberation and judgment, which in turn entails examining facts, reaching reasoned conclusions, and acting on them in a way not specifically directed." Grammens v. Dollar, 697 S.E.2d 775, 777 (Ga. 2010) (quotations omitted). Defendant Flanders arrested Plaintiff for disorderly conduct after "realizing" Plaintiff "swung a bottle" at Flanders. Dkt. No. 34-2 ¶ 15. The decision to arrest Plaintiff required Flanders's personal judgment on the

scene. See Reed v. DeKalb Cnty., 589 S.E.2d 584, 587 (Ga. Ct. App. 2003) ("[T]he decision to effectuate a warrantless arrest generally is a discretionary act requiring personal judgment and deliberation on the part of the officer." (citations omitted)). Therefore, Plaintiff's arrest was a discretionary act.

Accordingly, to overcome official immunity, Plaintiff must prove that Defendants Flanders and Gillard acted with actual malice or actual intent to cause injury. Cameron, 549 S.E.2d at 344. "[A]ctual malice in this context [] mean[s] a 'deliberate intention to do wrong.'" Gates v. Khokar, 884 F.3d 1290, 1304 (11th Cir. 2018) (quoting Adams v. Hazelwood, 520 S.E.2d 896, 898 (Ga. 1999)). Put plainly, "actual malice is not established merely by showing that the defendant acted with ill will . . . [or] the reckless disregard for the rights and safety of others." Id. (internal quotations omitted). Likewise, "actual intent to cause injury . . . means an actual intent to cause harm to the plaintiff, not merely an intent to do the act purportedly resulting in the claimed injury." Id. (internal quotations omitted). Plaintiff has produced no evidence to make either showing. In fact, the evidence before the Court shows that neither Flanders nor Gillard acted maliciously or with an intent to harm Plaintiff. Defendant Flanders arrested Plaintiff because Plaintiff had cursed at Flanders, threatened him, and swung a bottle at his head. Dkt. No. 34-2 ¶¶ 7-15. Plaintiff even "admitted he swung the bottle towards" Flanders.

18

Id. ¶ 16. As to Defendant Gillard, the evidence shows that he never personally interacted with Plaintiff and was not involved with Plaintiff's arrest in any way besides being the Chief of the Willacoochee Police Department. See generally Dkt. No. 34-3. Nothing in the record supports finding that Defendant Gillard acted with malice.

There is simply no evidence that either Flanders or Gillard acted with actual malice or an actual intent to harm Plaintiff. Thus, Plaintiff has not met his burden in creating a triable issue of fact as to actual malice, and official immunity bars his state law claim against Flanders and Gillard. Defendants' motion for summary judgment on Plaintiff's state law malicious prosecution claim against Defendants Flanders and Gillard in their individual capacity is **GRANTED**. Dkt. No. 34-1 at 13-14.

### B. Sovereign immunity bars Plaintiff's state law malicious prosecution claims against the City and against Defendants Flanders and Gillard in their official capacity.

Next, the City argues that sovereign immunity bars Plaintiff's state law malicious prosecution claim against it. Dkt. No. 34-1 at 10. In Georgia, cities are immune from suit for any cause of action unless sovereign immunity has been waived by statute. O.C.G.A. § 36-33-1; see also Ga. Const. art. IX, § II, para. IX ("The General Assembly may waive the immunity of counties, municipalities, and school districts by law."). Plaintiff bears the burden of establishing that sovereign immunity has been waived

for his claims. See Bd. of Regents of the Univ. Sys. of Ga. v.
Daniels, 446 S.E.2d 735, 736 (Ga. 1994) ("[A] waiver of sovereign
immunity . . . must be established by the party seeking to benefit
from that waiver." (citations omitted)). He has not done so.
Indeed, the Court finds sovereign immunity has not been waived for
malicious prosecution claims against Georgia cities. See, e.g.,
Bomia v. Ben Hill Cnty. Sch. Dist., 740 S.E.2d 185, 188–89 (Ga.
Ct. App. 2013) (finding sovereign immunity had not been waived for
a malicious prosecution claim where that claim was not "predicated
upon . . . negligent use of a motor vehicle"). Thus, Plaintiff's
state law malicious prosecution claim against the City is barred
by sovereign immunity. Defendants' motion for summary judgment on
that claim is **GRANTED**. Dkt. No. 34-1 at 10.

Finally, the Court finds sovereign immunity bars Plaintiff's
state law malicious prosecution claims against Flanders and
Gillard in their official capacity. "[T]he protection of sovereign
immunity . . . protects county employees who are sued in their
official capacities, unless sovereign immunity has been waived."
Jobling v. Shelton, 779 S.E.2d 705, 709 (Ga. Ct. App. 2015)
(internal quotations omitted). Again, sovereign immunity has not
been waived for malicious prosecution claims in this context, see
Bomia, 740 S.E.2d at 188–89, and therefore, sovereign immunity
bars Plaintiff's official-capacity state law claims against

20

Flanders and Gillard. Defendants' motion for summary judgment on these claims is **GRANTED**. Dkt. No. 34-1 at 14.

### CONCLUSION

Qualified immunity bars Plaintiff's § 1983 malicious prosecution claims against Defendants Flanders and Gillard because Plaintiff has presented no evidence establishing a constitutional violation. And because Plaintiff has not established an underlying constitutional violation, Plaintiff's federal law malicious prosecution claim against the City must fail. For the same reason, Plaintiff's § 1983 official-capacity claims against Flanders and Gillard fails. As to Plaintiff's state law claims, sovereign immunity bars Plaintiff's malicious prosecution claims against the City and Defendants Flanders and Gillard in their official capacity. Finally, because Plaintiff presented no evidence showing Defendant Flanders and Gillard acted with actual malice in carrying out their discretionary duties, official immunity bars Plaintiff's state law claims against Defendants Flanders and Gillard in their individual capacity.

Defendants' motion for summary judgment is **GRANTED** in its entirety. Dkt. No. 34. There being no claims remaining, the Clerk is **DIRECTED** to **CLOSE** this case.

21

**SO ORDERED** this 23rd day of April, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA